AMY N. BEAN, APPELLANT, v. MODERN WOODMEN OF AMERICA, RESPONDENT.—122 S. W. (2d) 384.

Kansas City Court of Appeals. June 27, 1938.

*Milton Schwind* and *Allan M. Fisher* for appellant.

*George G. Perrin, George H. McDonald, Nelson C. Pratt* and *Adams, Adams & Adams* for respondent.

REYNOLDS, J.—This is an appeal from the Circuit Court of Jackson County at Kansas City.

The action is upon a certificate of insurance issued by the defendant for $3000 upon the life of William J. Bean, payable to the plaintiff as beneficiary therein upon his death, upon due notice of his death to the defendant.

The insured, William J. Bean, died on March 5, 1936. The certificate sued on was introduced in evidence upon the trial by the plaintiff. It appears to have been issued upon the application of the insured therein on November 1, 1929, in exchange for a certificate or policy which had prior thereto been issued by the defendant to the insured in the same amount on February 18, 1898, which had been kept in force by the insured to the date of the exchange.

The certificate sued on is as follows:

"No. E 72240                                  Amount $3000.00

Ordinary Whole Life—Form A

"Age 62                                        Rate $15.00

"BENEFIT CERTIFICATE
"MODERN WOODMEN
"OF AMERICA

"A Fraternal Beneficiary Society

"Incorporated under the Laws of Illinois

"Hereby issues this certificate to William J. Bean, a member of Camp No. 120 of Modern Woodmen of America, located at Omaha, State of Nebraska, and upon receipt of satisfactory proof of the death

371

of said member while in good standing, this Society will pay $3000 to AMY N. BEAN the beneficiary or beneficiaries under this certificate, related to said member as WIFE; or ——————————

. . .

"This certificate is issued in consideration of the warranties and agreements contained in the application therefor and in further consideration that the member shall make payments to the Society of the sums required by the By-Laws of the Society on or before the last day of each and every calendar month in accordance with said By-Laws.

"This certificate is issued and accepted with the express agreement that the provisions and conditions contained on this and the succeeding pages of this Benefit certificate and in any authenticated riders attached hereto, shall form a part of this contract as fully as if recited over the signatures hereto affixed.

"In Witness Whereof, the said Modern Woodmen of America has, by its Head Consul and Head Clerk, signed, and caused the corporate seal of said corporation to be affixed to this certificate, at the City of Rock Island, in the State of Illinois, this 1st day of November, 1929."

Appearing at the foot of the certificate is the agreement of the insured to subscribe to all of the conditions therein contained and referred to and appended thereto. Among the provisions appearing on the reverse side of the front page of the certificate are the following: The Modern Woodmen of America is a fraternal beneficiary society. The contract between the society and the insured consists of (1) the Articles of Association of the society, (2) the benefit certificate, (3) the application for membership signed by the member, and (4) the by-laws of the society, with all present and subsequent amendments to each thereof. The application for beneficial membership in the society made by the insured, a copy of which was printed thereon or was thereto attached and in either case made a part thereof, is held to be a strict warranty and to form the only basis of the liability of the society to such member and to his beneficiary or beneficiaries, the same as if fully set forth in the benefit certificate; and, if said application be not literally true in each and every part thereof, then the benefit certificate is and shall be, as to said member, his beneficiary or beneficiaries, absolutely null and void.

It was stipulated between the parties that the defendant was a fraternal beneficiary association incorporated under the laws of the State of Illinois, duly authorized to do business in the State of Missouri, as such, and that it was a fraternal beneficiary association as defined by the laws of each of said States.

The certificate further provides for the payment to the defendant

each month of the sum of $15 for the benefit fund and $.45 for the general fund, making a total payment of $15.45 per month.

It is admitted that the insured, William J. Bean, died on March 5, 1936, and that he failed to pay the assessments and dues levied on his certificate due August 1, 1930, and that, on September 1, 1930, he was suspended by the defendant for the nonpayment of such August assessment and dues and that he never thereafter paid any other dues and assessments.

The plaintiff introduced in evidence an official letter from the defendant upon notice of the insured's death, in which it denied liability for the reason that the insured had allowed his membership to lapse on September 1, 1930, and had made no payments thereafter.

The plaintiff further introduced in evidence the articles of the association and by-laws of the defendant in printed, book form, entitled "Revision of 1929," and rested her case.

The defendant thereupon introduced in evidence the original application of the insured, in which the insured agreed to make payments of all dues and assessments regularly levied within the time provided by the laws of the order and to conform in all respects to the laws, rules, and usages of the order then in force or which might thereafter be enacted and adopted by it and further agreed that such application and the laws of the order should form the sole basis of his admission to and membership in the order and of any rights under the benefit certificate issued to him and that, in the event of suspension or expulsion from the order or of voluntary severance of connection therewith, he should forfeit the rights of himself and those of his beneficiaries to any and all benefits under said certificate or arising therefrom and that the laws of the order then in force or thereafter enacted should enter into and become a part of his contract and govern all of his rights thereunder.

The defendant also introduced in evidence the insured's application for the exchange of his original certificate for the one being sued upon, in which he agreed that his original application for membership in the defendant was a part of such certificate.

The by-laws of the defendant introduced in evidence provide for the exchange of the original certificate issued to the defendant for the one now sued upon, upon application therefor by the insured, and provide the necessary steps to be had therefor. The articles of association and the by-laws of the defendant introduced in evidence provide that the name by which the defendant should be known was Modern Woodmen of America and that its principal business office should be located in the city of Rock Island, State of Illinois.

The certificate sued upon provides that the contract between the society and the insured consists of (1) the articles of association

of the society, (2) the benefit certificate, (3) the application for membership, (4) the by-laws of the society with all present and subsequent amendments to each thereof; that the application for beneficial membership in the society made by the insured is true in all respects; that the truth thereof and of each and every part thereof should be held to be a strict warranty and to form the only basis of the liability of the society to the insured and to his beneficiary or beneficiaries the same as if fully set forth in the benefit certificate; and that, if such application should not be true in all respects, then the benefit certificate should be held—and should be as to said insured, his beneficiary or beneficiaries—absolutely null and void.

By the articles of association and the by-laws of the defendant society, provision is made for the creation of a benefit fund derived from assessments made each and every month against each beneficial member of the society (out of which death and disability benefits are to be paid) and for the liability of each beneficial member for the payment of such assessments on or before the last day of each month and for the *ipso facto* suspension of any member upon his failure to pay such assessments within the time limited.

By section 54 of the by-laws, it is provided as follows:

"The contract for Beneficial membership between the Society and its Beneficial members shall include all Benefit certificates and riders, the charter or articles of association, the application for membership signed by the applicant, and by the By-laws of the Society, as they exist at the time of the issuance of any certificate, or as they may be thereafter amended, modified, or changed; all with the same force and effect as if written into the face of the Benefit certificate. This provision shall be construed not only to govern the rights and conduct of the member, but also to determine the financial liability of the member to the Society, and of the Society to the member and the beneficiary or beneficiaries."

By section 57, it is provided as follows:

"For the purpose of creating the Benefit fund out of which death, accident, and cash withdrawal benefits shall, subject to the other provisions of these By-laws, be paid, an assessment for each and every calendar month hereafter is hereby levied upon each and every Beneficial member of the Society, in good standing, heretofore or hereafter adopted, and said assessments shall be paid on or before the last day of the calendar month for which they are levied, to the Clerk of the Camp in which membership is held, without further notice than that contained in this section; and each and every Beneficial member, heretofore or hereafter adopted, shall be liable for, and shall pay, on or before the last day of each and every calendar month, and as a condition precedent to continuing in good standing,

the amount per assessment to be determined by the tables of monthly assessment rates according to the By-laws now in force or as hereafter amended and enacted. . . .''

By section 60, it is provided:

''Every Beneficial member who shall fail to pay any regular or special assessment on or before the last day of the month within which same is payable, or who shall fail to pay local Camp dues therewith, including Per Capita tax, or who shall fail to pay with the assessment or assessments next thereafter payable, any fine imposed, shall, *ipso facto,* became suspended, and during such suspension all Benefit certificates and riders of such member for which such payments are not made, shall be absolutely null and void. . . .''

By section 68, it is provided:

''The Benefit fund, out of which death, accident, and cash withdrawal benefits shall, subject to the other provisions of these By-laws, be paid, shall be created and maintained by assessment payments and the accretions thereto; provided. . . .''

It is agreed by the insured in his application for the exchange of his original certificate for the one now sued on that, in consideration of the waiver by the defendant of any requirements for his medical examination in connection with his application, his original application for membership (on which the original certificate or policy issued, of February 18, 1898) should be a part of the certificate or policy issued to him in exchange therefor, upon which this suit is based.

The petition is conventional in form. There is no point made by which its sufficiency is questioned, and it is therefore unnecessary that it be set out.

The answer admits that the defendant is a corporation and is engaged in insuring the lives of people and that it issued the certificate in question whereby it insured the life of the deceased, William J. Bean, and promised to pay to the plaintiff the sum of $3000 upon his death, if at such time a member of the defendant society in good standing, upon proof of such death; admits his death on March 5, 1936; and denies liability for the reason that the insured was not in good standing at the date of his death and had not kept and performed the requirements of his certificate. It admits due notice of the insured's death and denies all other allegations of the petition. The answer further sets up that the defendant is a fraternal beneficiary society under the laws of Illinois and under the laws of Missouri, without capital stock and without profit, operating under a lodge system and representative form of government, and that its death benefits and expenses are derived from dues and assessments collected from its membership and that it is duly authorized as such (a fra-

ternal beneficiary society) to do business in the State of Missouri. It further sets up and pleads various sections of its articles of association which will be noted as occasion requires. It sets up the suspension of the insured as a member on September 1, 1930, by reason of his failure to pay the assessment of $15.45 for the month of August, 1930, and the consequent avoidance of his certificate and his abandonment of membership in that he has refused to pay any and all subsequent assessments—by reason of all of which his certificate became void.

The case was tried as one at law before the court without a jury; and, at the conclusion of all of the evidence and the arguments of the counsel, the court made findings of fact as requested by the defendant, which findings of fact are as follows:

"1. The defendant, Modern Woodmen of America, is a fraternal beneficiary association incorporated under the laws of the State of Illinois, and during all the times mentioned in evidence was duly licensed and authorized to do business in the State of Missouri as a fraternal beneficiary association, and that it is a fraternal beneficiary association as defined by the laws of the State of Illinois and the State of Missouri.

"2. That the contract sued upon in this case consists of (1) the benefit certificate introduced in evidence (2) the application for exchange of certificate (3) the original application for membership (4) the articles of association of the Society and (5) the By-Laws of the Society with all present and subsequent amendments to each thereof.

"3. That the contract sued upon in this case conforms in every respect with the requirements of the statutes of Missouri relating to fraternal beneficiary societies.

"4. That Section 60 of the By-Laws provides:

" 'Every beneficial member who shall fail to pay any regular or special assessment on or before the last day of the month within which same is payable, or who shall fail to pay local camp dues therewith, including *per capita* tax, or who shall fail to pay with the assessment or assessments next thereafter payable any fine imposed, shall *ipso facto* become suspended and during such suspension all benefit certificates and riders of such member for which such payments are not made shall be absolutely null and void.'

"5. That the benefit certificate was issued and became effective on November 1, 1929; that insured paid the assessments and dues required by said certificate to and including the month of July, 1930; that insured failed to pay the assessments due and payable for the month of August, 1930; that from and after said month of August, 1930, until the time of his death, March 5, 1936, insured paid no

assessments or dues under said certificate, and made no effort and took no steps to become reinstated or to establish any rights under said contract.''

The plaintiff requested five declarations of law. The court gave declarations Nos. 1 and 5 and refused Nos. 2, 3, and 4.

Declaration No. 1 is to the effect that the defendant had, under the pleadings in evidence, waived all defenses except the defense that the certificate in question had been forfeited and had lapsed on September 1, 1930, because the insured failed to pay the premium due and payable in the month of August, 1930, and that, unless the contract of insurance sued on contained a provision as a part thereof for automatic forfeiture thereof on failure to pay the premiums or assessments in any month, in clear, unmistakable terms, the findings and judgment should be for the plaintiff.

Declaration No. 5 is as follows:

''The court declares the law to be that, independently of the character of the defendant as a fraternal beneficiary society, the respective rights of the parties to this action, under the pleadings and the evidence, are to be determined by the laws of Missouri applicable to contracts and to contracts of insurance; and that as to the defense of forfeiture as made by the defendant herein, the law requires that nothing shall be taken by intendment or implication to effectuate a forfeiture.''

On June 11, 1937, judgment was rendered for the defendant, from which judgment so rendered the plaintiff, after an unsuccessful motion for new trial, prosecutes this appeal.

It is contended by the plaintiff on this appeal that the contract sued on consists solely of the benefit certificate and, inasmuch as there does not appear on the face of the certificate a forfeiture clause for nonpayment of assessments, that the plaintiff is entitled to recover, notwithstanding the insured was over five years in arrears at the time of his death. The defendant contends that the insured was regularly suspended from membership and his insurance forfeited and that the certificate sued on was not in force at the time of his death.

It is true that the contract of insurance as a whole must contain a forfeiture clause before it can be *ipso facto* forfeited; but it is sufficient if such clause appears in any part of the insurance record which go to make up the certificate or policy, such as the certificate itself, the application therefor, or the provisions set forth in the application. It does not necessarily have to appear on the face of the certificate. The record in this case shows that there is a forfeiture clause calling for *ipso facto* surrender of the certificate and all liability thereunder upon the failure of the insured to pay the monthly assessments thereon when they become due. Whether this clause

appears in the certificate itself, in the application therefor, or in other provisions of the policy contract is in itself immaterial. It is sufficient if it appears at all.

It follows that the judgment must be affirmed. All concur.